Case 3:20-cr-00085-JCH   Document 466   Filed 09/30/24   Page 1 of 1

AO 247 (Rev. 03/19)   Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)     Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the

District of Connecticut

United States of America  
v.  
DOMINGO GUZMAN

Date of Original Judgment: 05/02/2022  
Date of Previous Amended Judgment:  
*(Use Date of Last Amended Judgment if Any)*

Case No: 3:20CR85 (JCH)  
USM No: 16419-014

Allison Kahl  
*Defendant's Attorney*

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ✔ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:  
✔ **DENIED.** ☐ **GRANTED** and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____.

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

The court denies the Motion. While the court's original sentence was at the bottom of the advisory guideline range, and it is not uncommon in these motions to go to the same point on the new guideline range, the court did not determine the original sentence because of, or even strongly influenced by, the guideline range. The court considered the guideline range, but its sentence was determined, in part, because, e.g., the court ordered his violation to run concurrent, which is not common for this judge.

The offense was very serious (large amounts of drugs, including fentanyl). The court determined its original sentence was the correct sentence, not because it was at the bottom of the guideline range. The court continues its view that the sentence of 108 months is the appropriate sentence, particularly in light of the court's decision to run most of the sentence of the supervised release violation concurrent to this sentence.

Except as otherwise provided, all provisions of the judgment dated _____ shall remain in effect.  
**IT IS SO ORDERED.**

Order Date: 9/30/2024

/s/ Janet C. Hall  
*Judge's signature*

Effective Date: _____  
*(if different from order date)*

Janet C. Hall, United States District Judge  
*Printed name and title*